IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Lisa Case<br>654 Soper Lane<br>Berkley Spring, WV 25411 | * | _____ FILED     _____ ENTERED<br>_____ LOGGED   _____ RECEIVED |
| and | * | DEC 05 2013 |
| George Case<br>654 Soper Lane<br>Berkley Spring, WV 25411 | * | AT BALTIMORE<br>CLERK, U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>BY _____ DEPUTY |
| Claimants | * | **JFM13CV3682** |
| vs. | * | |
| Ravi Yalamanchili, M.D.<br>141 Thomas Johnson Road, Suite 200<br>Frederick, MD 21702 | * | |
| and | * | |
| Ravi Yalamanchili, M.D., P.A.<br>198 Thomas Johnson Drive, Suite 6<br>Frederick, MD 21702 | * | |
| SERVE:   Ravi Yalamanchili<br>          118 Waterland Way<br>          Frederick, MD 21702 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Now comes the Claimants, Lisa Case and George Case by and through their attorneys, Paul J. Weber and Hyatt & Weber, P.A., and file suit against Ravi Yalamanchili, M.D. and/or Ravi Yalamanchili, M.D., P.A. (hereinafter "Yalamanchili" and "Yalamanchili, P.A."), Defendant and states:

1. The amount in controversy exceeds the jurisdictional requirements.

2. The Claimants have complied with §3-2A-06-B of the Courts and Judicial Proceedings Article, Maryland Annotated Code, in bringing this matter before the Health

Claims Dispute Resolution Office, and a copy of the Waiver of Arbitration is being filed with the Complaint.

## INTRODUCTION

3. The Claimant, Lisa Case is a resident of Morgan County, West Virginia.

4. The Claimant, George Case is a resident of Morgan County, West Virginia.

5. Healthcare Provider Yalamanchili is licensed to practice medicine in the State of Maryland and at all times relevant hereto Healthcare Provider Yalamanchili's office is located in Frederick County, Maryland.

6. That Healthcare Provider, Yalamanchili, P.A., was a corporation licensed to do business in the State of Maryland and was doing business in Frederick County, Maryland, at all times relevant herein.

7. That at all times relevant herein, Healthcare Provider, Yalamanchili, was an agent, apparent agent, servant and/or employee of Healthcare Provider, Yalamanchili, P.A., and was acting within the scope of his authority and/or employment with Healthcare Provider, Yalamanchili, P.A., and/or was acting within the knowledge, consent, permission and/or at the direction or under the control of or for the benefit of Healthcare Provider, Yalamanchili, P.A.

8. On October 11, 2010, Claimant Lisa Case was admitted to Frederick Memorial Hospital for back pain.

9. On October 11, 2010, Healthcare Provider Yalamanchili performed a decompression at L4 to the sacrum with unilateral fixation.

10. Venue of this claim is proper in United States District Court for the District of Maryland because "the matter in controversy exceeds the sum or value of $75,000, exclusive interest and costs, and is between citizens of different states." 28 U.S.C.A. § 1332(a) (West).

## STATEMENT OF FACTS

11. That Claimant Lisa Case suffered from back pain beginning in fall of 2009.

12. That Claimant Lisa Case consulted with a pain clinic where she received epidural injections that provided limited relief.

13. That Claimant Lisa Case consulted with Healthcare Provider Yalamanchili and he concluded that an MRI study revealed degenerative disks at L4-L5 and L5-S1, and because Claimant Lisa Case had shown positive on discogram, lumbar surgery was indicated.

14. On October 11, 2010, Healthcare Provider Yalamanchili performed a decompression at L4 to the sacrum with unilateral fixation.

15. That Claimant Lisa Case reported that she had severe left leg pain after the procedure on October 11, 2010.

16. That Claimant Lisa Case continued to report this pain in December 14, 2010 and she was referred for radiographic studies on December 18, 2010.

17. That a report accompanying the radiographic studies of Claimant Lisa Case indicated an L5-S1 recurrent left para central disk herniation with associated epidural scars causing impingement of the left S1 nerve root, an extensive left epidural scar causing an encasement of the left L5 nerve root at the L4-5 level, and a right para central disk herniation at L4-5 causing moderate right lateral recess stenosis.

18. On January 4, 2011, Healthcare Provider Yalamanchili reported that there were no significant abnormalities found on the MRI and CT scan of December 18, 2010.

19. On August 9, 2011, Healthcare Provider Yalamanchili noted a "reoccurrence" of left leg pain and prescribed physical therapy with which Claimant Lisa Case attempted to comply on multiple occasions between August 17th and August 24, 2011.

20. On January 17, 2012, after being referred to the Spine Center, providers at that institution indicated that Claimant Lisa Case had reported that the Claimant Lisa Case had experienced no relief since her surgery on October 11, 2010 and it was confirmed that the latest MRI revealed significant scarring at each level that had encased the nerve roots.

21. That Claimant Lisa Case sought a second opinion with Dr. Charles Edwards, III on February 10, 2012. Dr. Edwards indicated that a review of the MRI of the lumbar spine taken on December 18, 2010 revealed that the inner body strut at L5/S1 had "definitely migrated posteriorly into the spinal canal and is definitely compressing the S1 nerve root."

22. On March 27, 2012, Dr. Edwards removed the instrumentation of the prior surgery and he performed an extraction of the left sided inter-body case at L5/S1 that he had found projecting into the spinal canal. He also performed a non-union repair with posterior instrumentation at L4/S1 and performed an anterior inter-body fusion through the right side at L5-S1.

## COUNT I
## MEDICAL MALPRACTICE

23. That Claimant Lisa Case adopts by reference the allegations contained in paragraphs 1 through 22 of this Complaint with the same effect as if herein fully set forth.

24. That Healthcare Provider Yalamanchili individually and as agent, servant and employee of Healthcare Provider P.A., negligently departed from the standard of care by:

- failing to adequately and properly treat the Claimant;

- providing medical care and treatment to Claimant in violation of the applicable standards of care;

- using poor surgical technique during the surgery of October 11, 2010;

- failing to take appropriate care while performing the surgery October 11, 2010;

- damaging Claimant's spine and/or nerves during the surgery of October 11, 2010;

- failing to recognize the damage to Claimant's spine and/or nerves during the October 11, 2010 surgery;

- failing to diagnose the damage to Claimant's spine and/or nerves in a timely manner;

- failing to employ a screw during the October 11, 2010 surgery;

- failing to protect the T-Lift cage from extruding;

- failing to provide bilateral support to the spine;

- providing a medical procedure on October 11, 2010 that was biomechanically inadequate;

- failing to treat Ms. Case with an appropriate workup which led to her devolving ongoing leg pain, dystrophic leg pain and permanent neurological injury. Ultimately, a revision fusion and removal of the cage that was compressing her S1 nerve was necessary;

- failing to diagnose the TLIF cage migration after the significant episodes of leg pain and failing to take corrective action or diagnostic maneuvers. These failures led to the ongoing significant worsening of the neural compression and required revision surgery;

- failing to consider the unilateral fixation performed as a contributing factor increasing the likelihood migration of the inner body strut and cage; and

- And was otherwise negligent.

25. That as a direct and proximate result of the acts of negligence by Healthcare Provider, Yalamanchili, as agent, servant and employee of Healthcare Provider Yalamanchili, P.A., stated above, and without negligence of Lisa Case Claimant, suffered great pain and suffering, severe mental anguish, and other non-economic damages.

26. That as a further direct and proximate result of the aforementioned acts of negligence by Healthcare Provider, Yalamanchili, individually and as agent, servant and employee of Healthcare Provider, Yalamanchili, P.A., Claimant Lisa Case received severe, painful and permanent injuries to her body, as well as severe protracted shock to her nervous system, all of which have caused and will continue to cause her great pain and mental anguish.

27. That as a further direct and proximate result of the acts of negligence by Healthcare Provider, Yalamanchili, individually and as agent, servant and employee of Healthcare Provider, Yalamanchili, P.A., Claimant Lisa Case has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, diagnostic studies, doctors, nurses, medical treatment and mediations for the treatment of the above-stated injuries to the Claimant.

27. That as a further direct and proximate result of the acts of negligence by Healthcare Provider, Yalamanchili, individually and as agent, servant and employee of Healthcare Provider, Yalamanchili, P.A., Claimant Lisa Case was forced to lose time from her employment, suffered a loss of wages, and suffered a permanent impairment to her wage earning capacity.

**WHEREFORE,** the Claimant, Lisa Case, claims damages and costs against the Healthcare Provider, Ravi Yalamanchili, M.D., individually and as agent, servant and employee of Healthcare Provider, Ravi Yalamanchili, M.D., P.A.

## COUNT II
## LOSS OF CONSORTIUM

28.  Claimants, Lisa Case and George Case, her husband, adopt by reference the allegations contained in paragraphs 1 through 27 of this Complaint with the same effect as if herein fully set forth.

29.  Plaintiffs were husband and wife at the time of the occurrence referred to in this Complaint.

30.  The negligent conduct of Healthcare Provider, Yalamanchili, individually and as agent, servant and employee of Healthcare Provider, Yalamanchili, P.A., more specifically described in Count I, caused injury to the marital relationship of Claimants, including, but not limited to a loss of society, affection, assistance, companionship and sexual relations.

**WHEREFORE**, the Claimants, Lisa Case and George Case, claim damages and costs against the Healthcare Provider, Ravi Yalamanchili, M.D., individually and as agent, servant and employee of Healthcare Provider, Ravi Yalamanchili, M.D., P.A.

Paul J. Weber 03570
HYATT & WEBER, P.A.
Severn Bank Building
200 Westgate Circle, Suite 500
Annapolis, MD 21401
410-841-6899 / 410-266-0626
Attorney for Claimant

{Weber Files/C8908/0000/00304591-}

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Lisa Case<br>654 Soper Lane<br>Berkley Spring, WV 25411 | *<br><br>* |
| and | * |
| George Case<br>654 Soper Lane<br>Berkley Spring, WV 25411 | *<br><br>* |
| Claimants | * |
| vs. | * |
| Ravi Yalamanchili, M.D.<br>141 Thomas Johnson Road, Suite 200<br>Frederick, MD 21702 | *<br><br>* |
| and | * |
| Ravi Yalamanchili, M.D., P.A.<br>198 Thomas Johnson Drive, Suite 6<br>Frederick, MD 21702 | *<br><br>* |
| SERVE:   Ravi Yalamanchili<br>          118 Waterland Way<br>          Frederick, MD 21702 | *<br><br>* |

### REQUEST FOR JURY TRIAL

Plaintiffs, Lisa Case and George Case, hereby requests that all matters alleged in their Complaint be tried before a jury.

Paul J. Weber 03570
HYATT & WEBER, P.A.
200 Westgate Circle, Ste. 500
Annapolis, MD  21401
410 266-0626
*Attorneys for Plaintiff*